UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
FIONA SCHAER (nee Ginty),                       Case Number
ANDREW SCHAER                                   09 Civ. 07441 (CM)

                        Plaintiffs,                  **ANSWER**

         - against-

JEFFREY S. ROSE, CITY MARSHAL
CITY OF NEW YORK,
MAYOR MICHAEL R. BLOOMBERG,
DEPARTMENT OF INVESTIGATION FOR NYC,
COMISSIONER ROSE GILL HERN, and
ASSISTANT COMISSIONER KEITH SCHWAM,

                        Defendants.
-------------------------------------------------------------------X

        Defendant New York City Marshal Jeffrey S. Rose ("Defendant Rose"), by his attorneys herein, Lambert & Shackman PLLC, as and for his answer to the complaint herein, respectfully alleges, upon information and belief, as follows:

    1.    Denies the allegations set forth in paragraph "1" of the Complaint, except admits that Plaintiffs purport to proceed as stated therein.

    2.    Denies the allegations set forth in paragraph "2" of the Complaint, except admits that Plaintiffs purport to invoke the jurisdiction of the Court as stated therein.

    2.1.    Denies the allegations set forth in paragraph "2.1" of the Complaint, except admits that Plaintiffs purport to proceed as stated therein.

    3.    Denies the allegations set forth in paragraph "3" of the Complaint, except admits that that at all relevant times mentioned in the Complaint Defendant Rose was a duly licensed and appointed New York City Marshal with a business address at 5801

Avenue N, Brooklyn, NY 11234 and that at all relevant times mentioned in the Complaint Defendant Rose acted within the scope of his authorization by defendant The City of New York.

4. Denies the allegations set forth in paragraph "4" of the Complaint except respectfully refers the Court to the New York City Charter and Article 16 of the New York City Civil Court Act, which statutes speak for themselves.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "5" of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "28" of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "30" of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "31" of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "34" of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "35" of the Complaint.

36. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "36" of the Complaint.

37. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "37" of the Complaint.

38. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "38" of the Complaint.

39. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint.

43.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "44" of the Complaint.

45.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "45" of the Complaint.

46.     Denies the allegations in paragraph "46" of the Complaint except admits that at all relevant times mentioned in the Complaint Defendant Rose was a duly licensed and appointed New York City Marshal and respectfully refers the Court to Article 16 of the New York City Civil Court Act for a recitation of the relationship between the City of New York and New York City Marshals, which statute speaks for itself, and also respectfully refers the Court to the New York City Marshal's Handbook for a recitation of the rights and duties of a New York City Marshal, which speaks for itself.

47.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47" of the Complaint.

47.1.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "47.1" of the Complaint.

48.     In response to paragraph "48" of the Complaint Defendant Rose repeats and reiterates each and every answer set forth in paragraphs numbered "1" through and including "47.1" as if they were fully set forth at length herein.

49.     Paragraph "49" was mistakenly omitted from the Complaint.

50.     Paragraph "50" was mistakenly omitted from the Complaint.

51.     Paragraph "51" was mistakenly omitted from the Complaint.

52.     Paragraph "52" was mistakenly omitted from the Complaint.

53.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "53" of the Complaint, except admits that Defendant Rose had authority to tow the subject vehicle.

54.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "54" of the Complaint.

55.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "55" of the Complaint.

56.     Denies the allegations contained in paragraph "56" of the Complaint, except admits that Plaintiffs allege as stated therein.

57.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "57" of the Complaint.

58.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "58" of the Complaint.

59.     Denies the allegations set forth in paragraph "59" of the Complaint.

60. Denies the allegations set forth in paragraph "60" of the Complaint.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61" of the Complaint.

    A. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61A" of the Complaint.

    B. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61B" of the Complaint.

    C. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61C" of the Complaint.

    D. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61D" of the Complaint.

    E. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61E" of the Complaint, except denies that Plaintiffs were stopped and seized and admits that Defendant Rose was permitted to seize the subject vehicle.

    F. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61F" of the Complaint.

    G. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61G" of the Complaint.

    H. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "61H" of the Complaint.

62. Denies the allegations in paragraph "62" of the Complaint except admits that Defendant Rose received reliable and correct information from the New York City Department of Finance that the owner of the subject vehicle had failed to pay duly issued parking tickets for the subject vehicle and that he was authorized to seize the subject vehicle.

63. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "63" of the Complaint.

64. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "64" of the Complaint.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "65" of the Complaint, except admits that Plaintiffs were given an Execution regarding the unpaid parking tickets on the subject vehicle.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "66" of the Complaint except admits that Defendant Rose received reliable and correct information from the New York City Department of Finance that the owner of the subject vehicle had failed to pay duly issued parking tickets for the subject vehicle and that he was authorized to tow the subject vehicle.

67. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "67" of the Complaint and respectfully refers all questions of law to the Court.

68. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "68" of the Complaint.

69. Denies the allegations set forth in paragraph "69" of the Complaint except admits that at all times mentioned in the Complaint Defendant Rose acted calmly and sought a quick, simple and peaceful resolution of the situation.

70. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "70" of the Complaint except admits that Defendant Rose received reliable and correct information from the New York City Department of Finance that the owner of the subject vehicle had failed to pay duly issued parking tickets for the subject vehicle and that he was authorized to tow the subject vehicle.

71. Denies the allegations set forth in paragraph "71" of the Complaint except admits that if the unpaid parking tickets had been paid prior to the alleged towing of the subject vehicle the subject vehicle would not have been towed.

72. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "72" of the Complaint and refers all questions of law to the Court.

73. Denies the allegations in paragraph "73" of the Complaint except admits that at all relevant times mentioned in the Complaint Defendant Rose acted within the scope of his authorization by defendant The City of New York.

74. Denies the allegations in paragraph "74" of the Complaint.

75. Denies the allegations in paragraph "75" of the Complaint except admits that at all relevant times mentioned in the Complaint Defendant Rose acted within the scope of his authorization by defendant The City of New York.

76. Denies the allegations in paragraph "76" of the Complaint except admits that at all relevant times mentioned in the Complaint Defendant Rose acted within the scope of his authorization by defendant The City of New York.

72. Denies the allegations in the paragraph on p. 11 of the Complaint which is mistakenly numbered paragraph "72" of the Complaint except admits that at all relevant times mentioned in the Complaint Defendant Rose acted within the scope of his authorization by defendant The City of New York.

73. Denies the allegations in the paragraph on p. 11 of the Complaint which is mistakenly numbered paragraph "73" of the Complaint except admits that at all relevant times mentioned in the Complaint Defendant Rose was a duly licensed and appointed New York City Marshal and respectfully refers the Court to Article 16 of the New York City Civil Court Act for a recitation of the relationship between the City of New York and New York City Marshals, which statute speaks for itself.

74. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph on p. 11 of the Complaint which is mistakenly numbered paragraph "74" of the Complaint.

75. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in the paragraph on p. 11 of the Complaint which is mistakenly numbered

paragraph "75" of the Complaint, except respectfully refers the Court to the New York City Marshal's Handbook for a recitation of the rights and duties of a New York City Marshal, which handbook speaks for itself, and respectfully refers the Court to Article 16 of the New York City Civil Court Act for a recitation of the relationship between the City of New York and New York City Marshals, which statute speaks for itself.

76.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph on pp. 11-12 of the Complaint which is mistakenly numbered paragraph "76" of the Complaint and respectfully refers all questions of law to the Court.

77.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph on p. 12 of the Complaint which is mistakenly numbered paragraph "77" of the Complaint.

78.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph on p. 12 of the Complaint which is mistakenly numbered paragraph "78" of the Complaint.

79.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph on p. 12 of the Complaint which is mistakenly numbered paragraph "79" of the Complaint.

80.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph on p. 12 of the Complaint which is mistakenly

numbered paragraph "80" of the Complaint and respectfully refers all questions of law to the Court.

55. Denies the allegations set forth in the paragraph on p. 12 of the Complaint which is mistakenly numbered paragraph "55" of the Complaint.

56. Denies the allegations set forth in the paragraph on p. 12 of the Complaint which is mistakenly numbered paragraph "56" of the Complaint.

57. Denies the allegations set forth in the paragraph on p. 12 of the Complaint which is mistakenly numbered paragraph "57" of the Complaint.

58. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph on p. 12 of the Complaint which is mistakenly numbered paragraph "58" of the Complaint and respectfully refers all questions of law to the Court.

59. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph on p. 13 of the Complaint which is mistakenly numbered paragraph "59" of the Complaint and respectfully refers all questions of law to the Court.

60. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph on p. 13 of the Complaint which is mistakenly numbered paragraph "60" of the Complaint and respectfully refers all questions of law to the Court.

61. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph on p. 13 of the Complaint which is mistakenly numbered paragraph "61" of the Complaint and respectfully refers all questions of law to the Court.

62. Denies the allegations set forth in the paragraph on p. 13 of the Complaint which is mistakenly numbered paragraph "62" of the Complaint and respectfully refers all questions of law to the Court.

63. Denies the allegations set forth in the paragraph on p. 13 of the Complaint which is mistakenly numbered paragraph "63" of the Complaint and respectfully refers all questions of law to the Court.

64. Denies the allegations set forth in the paragraph on p. 13 of the Complaint which is mistakenly numbered paragraph "64" of the Complaint and respectfully refers all questions of law to the Court.

65. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph on p. 13 of the Complaint which is mistakenly numbered paragraph "65" of the Complaint and respectfully refers all questions of law to the Court.

66. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in the paragraph on p. 13 of the Complaint which is mistakenly numbered paragraph "66" of the Complaint and respectfully refers questions of law to the Court.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

97. At the relevant times described in the Complaint Defendant Rose was lawfully permitted to tow the subject vehicle.

98. As admitted in paragraph "19" of the Complaint Plaintiff Fiona Schaer surrendered the keys to the subject vehicle to John Does 2, 3, 4, alleged therein to be duly authorized agents of Defendant Rose, and thereby lawfully and peaceably surrendered possession of the subject vehicle to Defendant Rose.

99. As admitted in paragraph "20" of the Complaint John Doe 4 thereafter allowed Plaintiff Fiona Schaer to reenter the subject vehicle for the sole purpose of retrieving her dogs and work from the subject vehicle, but did not return possession of the subject vehicle to Plaintiff Fiona Schaer.

100. Upon the surrender of the keys to John Does 2, 3, 4 Defendant Rose was in lawful possession of the subject vehicle.

101. As admitted in paragraphs "21" and "22" Plaintiff Andrew Schaer thereafter wrongfully retook possession of subject vehicle and attempted to abscond with the subject vehicle.

102. All relevant occurrences thereafter were the result of Plaintiff Andrew Schaer's wrongful retaking of possession of the subject vehicle.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

103.    Defendant Rose has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE

104.    The alleged incident and damages, if any, alleged to have been sustained by the Plaintiffs, on the occasion mentioned in the Complaint, were wholly or in part caused by the culpable conduct of the Plaintiffs.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

105.    Defendant Rose has not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore is entitled to qualified immunity.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

106.    At all relevant times Defendant Rose acted reasonably in the proper and lawful exercise of his discretion.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

107.    This action is barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

108.    Plaintiff has failed to comply with New York General Municipal Law §50-e.

### AS AND FOR AN EIGHT AFFIRMATIVE DEFENSE

97.    The Complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

98.     The Summons and Complaint were not served upon Defendant Rose in conformity with FRCP Rule 4 and therefore the Court lacks personal jurisdiction over Defendant Rose.

## AS AND FOR A FIRST COUNTER-CLAIM AGAINST PLAINTIFFS

97.     At the relevant times described in the Complaint Defendant Rose was lawfully permitted to tow the subject vehicle.

98.     As admitted in paragraph "19" of the Complaint Plaintiff Fiona Schaer surrendered the keys to the subject vehicle to John Does 2, 3, 4, alleged therein to be duly authorized agents of Defendant Rose.

99.     At that time Defendant Rose was the rightful possessor of the subject vehicle.

100.    As admitted in paragraphs "21" and "22" Plaintiff Andrew Schaer thereafter wrongfully retook possession of subject vehicle and attempted to abscond with the subject vehicle.

101.    As admitted in paragraph "26" of the Complaint Defendant Rose demanded that Plaintiffs return possession of the subject vehicle to Defendant Rose.

102.    As admitted in paragraph "27" of the Complaint Plaintiffs refused to return possession of the subject vehicle to Defendant Rose.

103.    By reason of the foregoing Defendant Rose was damaged in an amount to be determined by the Court.

104.    By reason of the foregoing Defendant Rose is entitled to Judgment against the Plaintiffs for conversion in an amount to be determined by the Court.

**AS AND FOR A FIRST CROSS-CLAIM AGAINST DEFENDANT, CITY OF NEW YORK**

99.     If the Plaintiffs suffered damages as alleged in the Complaint, due to any culpable conduct other than Plaintiffs' own culpable conduct, then such damages were entirely caused by the culpable conduct, negligent acts or omissions or commissions of defendant The City of New York.

WHEREFORE, Defendant Rose requests Judgment (i) dismissing the Complaint in its entirety, together with the costs and disbursements of this action, (ii) against Plaintiffs on the first counter-claim in an amount to be determined by the Court, (iii) against The City of New York on the first cross-claim, and (iv) such other and further relief as the Court may deem just and proper.

Dated:  New York, NY
        December 24, 2009

                                        Yours, etc.

                                        Lambert & Shackman, PLLC
                                        Attorneys for Defendant New York City
                                        Marshal Jeffrey S. Rose
                                        274 Madison Avenue
                                        New York, NY 10016-0701
                                        (212) 370-4040


                                        By: */s/ Thomas C. Lambert*
                                            Thomas C. Lambert (TL-8215)