UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------X

FIONA SCHAER (nee Ginty),
ANDREW SCHAER

                   Plaintiffs,

         - against-

JEFFREY S. ROSE, CITY MARSHAL
CITY OF NEW YORK,
MAYOR MICHAEL R. BLOOMBERG,
DEPARTMENT OF INVESTIGATION FOR NYC,
COMISSIONER ROSE GILL HERN, and
ASSISTANT COMISSIONER KEITH SCHWAM,

                   Defendants.

----------------------------------------------------------------X

Case Number
09 Civ. 07441 (CM)

**DEFENDANT ROSE'S RESPONSE TO PLAINTIFFS' INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS**

        PLEASE TAKE NOTICE that defendant New York City Marshal Jeffrey S.

Rose ("Marshal Rose"), by his attorneys herein Lambert & Shackman, PLLC, as and for

his response to Plaintiffs' Interrogatories and Request for the Production of Documents

dated April 10, 2012, states upon information and belief as follows:

## **GENERAL OBJECTIONS**

        1.    Marshal Rose objects to the each item to the extent that it is based on

assumed and asserted facts which do not exist

        2.    Marshal Rose objects to each item to the extent that it is beyond the scope of

permissible discovery.

        3.    Marshal Rose objects to each item to the extent it seeks information not in

his possession, custody or control or which is already in Plaintiffs' possession, custody or

control.

4.    Marshal Rose objects to each item to the extent that it is overbroad and unduly burdensome.

5.    Marshal Rose reserves the right to supplement his responses as further evidence is located and discovered.

6.    The above general objections are incorporated into each specific response below as if fully set forth therein.

## RESPONSES TO INTERROGATORIES

**1.    Identify and describe the methods and documents used to provide you training and supervision, before 2008, with respect to the seizure and towing of a vehicle which contains an occupant.**

Please see the attached document entitled "New York City Department of Finance Enforcement Unit Marshal Seizure Program Standard Operating Procedures" and the New York City Marshals Handbook, written and promulgated by the City of New York.

**2.    Describe any information or training, beyond the first answer, you received before 2009 regarding the seizure of a car while it is being *operated*?**

Please see the above response to interrogatory number one.

**3.    Describe any information or training, beyond the first answer, you received before 2009 regarding the seizure of a car while it is being *occupied*?**

Please see the above response to interrogatory number one.

**4.    You visited the scene where and when the parked Schaers' car was first blocked. According to your training at the time, did any of what you saw or had reported to you violate any rules or guidelines that you knew?**

2

Defendant Marshal Rose objects to this Interrogatory on the grounds that it

is based on assumed facts which do not exist

Subject to such objection, and without admitting any of the factual

assertions in the Interrogatory, no.

**5.       You were present, later, at the stopping of the car in traffic. Aside from the violations included in the finding against you as to traffic safety, did you see any action that violated any rule or policy regarding the stopping of the car and the removal of the occupants?**

Defendant Marshal Rose objects to this Interrogatory on the grounds that it

is based on assumed facts which do not exist.

Subject to such objection, and without admitting any of the factual

assertions in the Interrogatory, Marshal Rose was legally entitled to seize the subject

vehicle pursuant to an Execution issued by the Civil Court of the City of New York, and

the New York City Civil Court Act. The Execution, a copy of which was provided to

plaintiffs by Disclosure Pursuant to Order dated January 25, 2010 (Docket Number 9)

directed Marshal Rose to satisfy the subject money judgment from the personal property of

Plaintiff Andrew Schaer.

Plaintiff Fiona Schaer surrendered the subject vehicle to Marshal Rose.

After Plaintiff Fiona Schaer surrendered the subject vehicle to Marshal Rose, Plaintiff

Andrew Schaer wrongfully re-took possession of the subject vehicle and attempted to

convert it from Marshal Rose's possession and to abscond with it. All relevant occurrences

3

subject to the surrender of the vehicle were the result of plaintiff Andrew Shearer's wrongful actions.

At her deposition Plaintiff Fiona Schaer admitted that she told the Marshal's representatives that she wanted to pay the full charges and in fact tended payment by credit card which was not acceptable. She then asked the Marshal's representatives kindly to wait until her husband would return to the car, whereupon he would pay them in cash.

At that point, Marshal Rose deferred the lawful seizure of the car, as a courtesy to Ms. Schaer.

However, when Mr. Schaer returned to the car, he physically absconded with the car.

Based on a complaint filed by Plaintiffs, an investigation was held by the New York City Department of Investigations, which is responsible for investigating complaints against New York City Marshals. The investigation included an examination of records and interviews with Plaintiff Andrew Schaer, Plaintiff Fiona Schaer, Marshal Rose, and a disinterested witness.

The Department of Investigations found that seizing the vehicle under circumstances which required the Plaintiffs to exit and remove the dogs from the vehicle in a traffic lane violated applicable traffic rules,

At the Department of Investigation, the Marshal paid a fine for violation of his duties in that, during his otherwise proper performance of his duties, he violated applicable traffic rules.

There was no finding by the Department of Investigation of any violation by the Marshal of his duties and responsibilities to either of the Plaintiffs. There was no finding by the Department of Investigation that either Plaintiff suffered any harm as a result of the traffic violation.

Excluding the aforesaid violation of traffic rules, Marshal Rose did not see any action that violated any rule or policy regarding the stopping of the car and the removal of the occupants.

**6.     Is the blocking a parked, towable car with an occupant and attempting to remove the occupants approved by the City of New York?**

Defendant Marshal Rose objects to this Interrogatory on the grounds that it is based on assumed facts which do not exist.

Defendant Marshal Rose objects to this Interrogatory on the grounds that the Interrogatory, including without limitation the phrase "approved by the City of New York", is vague and ambiguous.

Subject to such objections, and excluding the aforesaid traffic violation, Marshal Rose acted within the scope of his authorization by the City of New York and in accordance with the New York City Marshals Handbook, which was written and promulgated by the City of New York.

5

**7.      Is the blocking of a towable car that is in traffic, where there is no safety issue, approved by the City of New York?**

Defendant Marshal Rose objects to this Interrogatory on the grounds that it is based on assumed facts which do not exist.

Defendant Marshal Rose objects to this Interrogatory on the grounds that the Interrogatory, including without limitation the phrase "approved by the City of New York", is vague and ambiguous.

Subject to such objections, and excluding the aforesaid traffic violation, Marshal Rose acted within the scope of his authorization by the City of New York and in accordance with the New York City Marshals Handbook, which was written and promulgated by the City of New York.

**8.      Is the active removal of occupants of a towable car such as covered by Interrogatory No. 8, approved by the City of New York?**

Defendant Marshal Rose objects to this Interrogatory on the grounds that it is based on assumed facts which do not exist.

Defendant Marshal Rose objects to this Interrogatory on the grounds that the Interrogatory, including without limitation the phrases "active removal", "such as covered by Interrogatory No.8", and "approved by the City of New York", is vague and ambiguous.

Subject to such objections, and excluding the aforesaid traffic violation, Marshal Rose acted within the scope of his authorization by the City of New York and in

6

accordance with the New York City Marshals Handbook, which was written and

promulgated by the City of New York.

**9.** **If you agree with Interrogatory No. 6, please describe and explain why you believe you action is authorized by the CNY?**

Not applicable.

**10.** **If you agree with Interrogatory No. 7, please describe and explain why you believe you action is authorized by the CNY?**

Not applicable.

**11.** **If you believe the removal of the Schaers, as you witnessed it, was appropriate (excluding the traffic safety finding), please describe and explain why you believe the action is authorized by the CNY?**

Defendant Marshal Rose objects to this Interrogatory on the grounds that it

is based on assumed facts which do not exist.

Defendant Marshal Rose objects to this Interrogatory on the grounds that the

Interrogatory, including without limitation the phrase "authorized by the CNY", is vague

and ambiguous.

Subject to such objections, please see the aforesaid response to Interrogatory

Number 5.

**12.** **What are the names, addresses, and phone numbers of the two people who opened the doors to the Schaer's vehicle?**

Defendant Marshal Rose objects to this Interrogatory on the grounds that it

is based on assumed facts which do not exist.

7

Subject to such objection, and without admitting any of the factual

assertions in the Interrogatory, all the information Marshal Rose has with respect to the

"John Does" alleged in the Amended Complaint to have opened the doors to the vehicle,

including their names, last known addresses, and telephone numbers, was previously

provided to Plaintiffs by Disclosure Pursuant to Order dated January 25, 2010 (Docket 9)

and letters dated July 30, 2010 and September 17, 2010 (annexed hereto).

**13.    What are the names, addresses, and phone numbers of the people who attempted extract Fiona Ginty from the parked vehicle?**

Defendant Marshal Rose objects to this Interrogatory on the grounds that it

is based on assumed facts which do not exist.

Subject to such objection, and without admitting any of the factual

assertions in the Interrogatory, all the information Marshal Rose has with respect to the

"John Does" alleged in the Amended Complaint to have attempted to extract Fiona Ginty

from the parked vehicle, including their names, last known addresses, and telephone

numbers, was previously provided to Plaintiffs by Disclosure Pursuant to Order dated

January 25, 2010 (Docket 9) and letters dated July 30, 2010 and September 17, 2010

(annexed hereto).

**14.    Describe your managerial actions during the two incidents found in this case.**

8

Defendant Marshal Rose objects to this Interrogatory on the grounds that the Interrogatory, including without limitation the phrases "managerial actions" and "found in this case", is vague and ambiguous.

Subject to such objection, Marshal Rose is responsible for management of his staff and contractors as set forth in the New York City Department of Finance Enforcement Unit Marshal Seizure Program Standard Operating Procedures and the New York City Marshals Handbook.

**15.    Other than the Schaers' Complaint to the DOI, described, see definition, any DOI judgments referring to a seizure of a car where there were occupants.**

Marshal Rose objects to this Interrogatory on the grounds that it seeks materials beyond the scope of permissible discovery.

Defendant Marshal Rose objects to this Interrogatory on the grounds that the Interrogatory is vague and ambiguous.

Subject to such objections, Marshal Rose is not aware of "any DOI judgments referring to a seizure of a car where there were occupants."

**16.    Did the Department of Investigation ever mention any impropriety in regard to any seizure of a car with occupants?**

Marshal Rose objects to this Interrogatory on the grounds that it seeks information beyond the scope of permissible discovery.

Defendant Marshal Rose objects to this Interrogatory on the grounds that the Interrogatory is vague and ambiguous.

9

Subject to such objections, Marshal Rose is not aware of the Department of

Investigations ever so mentioning.

**17.     After years of experience and training as a Marshal do you believe that the actions of your staff in this case were acceptable to the CNY, except for the finding in the judgment as to traffic safety rules?**

Marshal Rose objects to this Interrogatory on the grounds that it seeks

information beyond the scope of permissible discovery.

Subject to such objection, yes.

**18.     Describe any incidents that you know of by other Marshals involving a seizure where the car was occupied, including appropriate names and telephone numbers of such Marshals.**

Marshal Rose objects to this Interrogatory on the grounds that it seeks

information beyond the scope of permissible discovery.

Defendant Marshal Rose objects to this Interrogatory on the grounds that the

Interrogatory is vague and ambiguous.

Defendant Marshal Rose objects to this Interrogatory on the grounds that it

is based on assumed facts which do not exist.

Subject to such objections, and without admitting any of the factual

assertions in the Interrogatory, it is standard for a seizure of a vehicle to be completed

while the person from whose possession or custody the vehicle is taken is present.

10

## **RESPONSE TO DOCUMENT REQUESTS**

Other than the documents annexed hereto, all documents in Marshal Rose's

possession, custody or control which relate to the claims and defenses in this case were

produced under cover of Marshal Rose's Disclosure Pursuant to FRCP 26(a)(1) dated

February 5, 2010, which is Docket Entry 9.

Dated: New York, New York
      April 16, 2012

                    Respectfully submitted,

                    Lambert & Shackman, PLLC
                    Attorneys for Defendant Rose
                    274 Madison Avenue
                    New York, NY 10016-0701
                    (212) 370-4040

                    By: */s/ Thomas C. Lambert*
                        Thomas C. Lambert (TL-8215)

To:    Eugene Cunningham, Esq.
       Attorney for Plaintiffs
       28 Clifton Street, No.6
       Saratoga Springs, NY 12866
       (518) 879-1763

cc:    Michael A. Cardozo
       Corporation Counsel of the City of New York
       100 Church Street
       New York, NY 10007
       Attn: Mathew D. Modafferi, Esq.
       (212) 788-0906

11

| TITLE | S.O.P. NUMBER ENF/MVSP/0009 |
|---|---|
| MARSHAL VEHICLE SEIZURE PROGRAM | DATE EFFECTIVE    (updated) December 12, 2003 |
| | NEXT REVIEW |
| TASK/STANDARDS STANDARD OPERATING PROCEDURES | ORIGINATING UNIT    ENFORCEMENT UNIT |

NEW YORK CITY DEPARTMENT OF FINANCE

ENFORCEMENT UNIT

MARSHAL VEHICLE SEIZURE PROGRAM

STANDARD OPERATING PROCEDURES

**Submitted by:  Louis Jordan**
**Director of Enforcement Unit**

_____
Date

| LOCATION 210 JORALEMON STREET, 9th Floor | |
|---|---|
| DOC. 190 | PAGE 1 OF 19 PAGES |

ENF/MVSP/0009

| TASK/STANDARDS | ORIGINATING UNIT |
|---|---|
| STANDARD OPERATING PROCEDURES | ENFORCEMENT UNIT |

| TITLE | DATE EFFECTIVE |
|---|---|
| MARSHAL VEHICLE SEIZURE PROGRAM | NEXT REVIEW |

I.        **INTRODUCTION**

II.        **GENERAL STANDARDS OF CONDUCT AND POLICY**

III.        **MOBILE DIGITAL TERMINALS (MDT) AND TOW-IT DEVICES**

IV.        **EXECUTIONS**

V.        **PATROL AND VEHICLE SEIZURE (SCOFFLAW)**

VI. & VII.        **VEHICLE REDEMPTION PROCESS**

VI.        **AUCTION OF UNREDEEMED VEHICLES**

VII.        **OTHER /MISCELLANEOUS**

APPENDIX:   **MINIMUM STANDARDS FOR TOWING/STORAGE COMPANIES**

I.   **INTRODUCTION**

These procedures set forth in this document have been established by
New York City Department of Finance to be followed by Marshals, their contractor
and subcontractor who participate in the Marshals Vehicle Seizure Program
must agree to follow these procedures are applicable to them, to do the same.

The process begins with each Marshal's successful compliance with the minimum standards for
Towing/Storage companies as set forth in the section of this document labeled "APPENDIX".
Only upon successful compliance with the "Minimum Standards for Towing/Storage" will the
Marshal be allowed to receive Executions from the Enforcement Unit as signed by the Special
Assistant Corporation Counsel, Parking Violations Operations, or a designated "of Counsel"
attorney. The Marshal locates in-state and out-of-state judgment debtors (Scofflaws) with the
use of TOW - IT computer software and Mobile Digital Terminals (MDTs) which access the P.V.O.'s
STARS (inquiry) database. The process ends with a redemption or auction of these Scofflaw vehicles.

The following steps take place in this process:

1.    Required Tow/Garage Contract Policies and Procedures
2.    Marshal Receives Executions
3.    MDT/TOW-IT Device
4.    Marshal Patrols and Levies on vehicle
5.    Vehicle tow and impound
6.    Redemption
7.    Auction Notice Process
8.    Auction

| LOCATION | |
|---|---|
| 210 JORALEMON STREET, 9th Floor | PAGE 2 OF 19 PAGES |
| DOC.190 | |

II. GENERAL STANDARDS OF CONDUCT/POLICY

A. All individuals who participate in any phase of this program are required to comply with these standard
   Operating procedures. These procedures are not intended to be an all inclusive compilation of the laws
   And rules applicable to the enforcement of P.V.O.'s judgments by vehicle seizure, but serve as guidelines
   To enable efficient field operations and insure high quality public service.

B. Marshals must act pursuant to the CPLR, the N.Y.C. Civil Court Act, all applicable rules and regulations
   And the DOI's Marshal's Handbook and other directives of the DOI. Tow, garage and other personnel
   Chosen by a Marshal to assist in this program must also comply with all applicable laws,
   Rules and regulations, licensing requirements, and with the Parking Violations Operations procedures contained in
   in this document

C. D.O.F. reserves the right, upon notice to a Marshal, to alter these procedures and/or terminate the program
   Or any part of it at any time. D.O.F. further reserves the right of approval should it choose to exercise such
   Right, of all personnel who participate in the program and to direct a Marshal to discontinue the participation
   Of any personnel in the program.

D  The Commissioner/Deputy Commissioner or designee reserves the right not to give approval for the use of the same
   Tower or garage facility.

E  Marshal's offices must be open to the public (at least) 9:00 a.m. to 5:00 p.m., Monday through Friday, five (5) days a
   Week, and certain holidays with the approval of the Commissioner of DOF or designee, and staffed with a person
   Familiar with this program. If a Marshal tows on Friday the Deputy Commissioner will determine, if his/her
   Office must be open for redemption's (at least) 9:00 a.m. to 3:00 p.m. on Saturday (garage: at least 9:00 a.m.
   To 5:00 p.m.). Saturdays and hours are subject to change upon written notification from the Deputy
   Commissioner, Assistant Commissioner/Enforcement Director authorizes towing the day before a holiday,
   The Marshal's office and garage may be required to remain open for redemptions the following day. If the
   Marshal's office is required to be open, the office hours are 9:00 a.m to 3:00 p.m./ garage 9:00 a.m. -- 5:00
   p.m.

F. Garages must be open to the public and available for vehicle release from at least 8:00 a.m. to 7:00 p.m., or
   2 hours after Marshal ceases towing, whichever is later.
   Note:   The DOF reserves the right to require the Marshals office and/or storage facility to be open
           to the public on Saturday for hours designated by the DOF if a Marshal tows on Fridays.
           All garages used by Marshals must remain open for redemptions at least 2 hours after Marshal's
           Office closes, regardless of the day.

G. Marshal must perform all duties in accordance with this S.O.P. and as directed by the DOF'S
   Director of Marshal Program or his/her designee(s).

H. Neither a Marshal, nor an agent or subagent of a Marshal, nor an independent contractor retained by a Marshal to
   Provide services under this S.O.P., shall have a conflict of interests or an appearance of impropriety in regard to the
   services being provided to the City under this S.O.P. For example, since these services relate to judgment
   enforcement, it is deemed to be a conflict of interests for any such party to have, or be a principal of an entity having,
   an outstanding NYC final judgment obligation (for example: parking violation judgment or tax warrant) or owe a
   final non-judgment debt to the City (for example, a water or sewer charge, real estate tax or lien, or other charge, fee,
   fine or penalty imposed by statute). Moreover, it is deemed to be an appearance of impropriety for such party to have
   State or Federal judgment indebtedness. In the exercise of discretion, the City may terminate the services of a
   Marshal under this S.O.P. for a conflict of interests or appearance of impropriety. Upon due and timely disclosure of
   information, the Department of Finance will review pertinent facts and circumstances to determine whether the
   Department believes there is a conflict of interests or appearance of impropriety and may, in its discretion, accord
   reasonable opportunity for a Marshal to cure the conflict or appearance.

I. Each Marshal shall be fully responsible for having the personnel chosen by him or her to participate in
   This program comply with the procedures contained in this S.O.P.

| Location | |
|---|---|
| 210 JORALEMON STREET , 9th Floor | PAGE 3 OF 19 PAGES |
| Doc.190 | |

| STANDARD OPERATING PROCEDURES | SOP NUMBER |
|---|---|
| | ENF/MVSP/0009 |

**II.     GENERAL STANDARDS OF CONDUCT/POLICY (CONT'D)**

J.    Each Marshal shall provide the Enforcement Director of DOF with a list of all employees of the Marshal, towing and Storage companies who will participate in the Marshal Vehicle Seizure Program. No person shall participate in the Program unless he/she has been listed with the DOF's Director of Marshal program who will issue forms including Daily operations record forms, for this purpose and all requested information must be supplied or provided.

K.    Each Marshal shall provide the DOF's Director of Marshal Programs and the Marshals Bureau of the Department of Investigation with a telephone or pager number that can be used to contact the Marshal directly at any time that the Marshal is in the field working in the Marshal Vehicle Seizure Program. All Marshals shall respond promptly to a a call or page from the Director or his designee or any employee of the Department of Investigation.

L.    By close of business on a daily basis, the Marshal shall fax or deliver to the Marshal Unit (210 Joralemon St.) a report listing all personnel and vehicles for every emergency subcontractor involved in Marshal vehicle seizure that day. Please note that you must also list the registered owner for each such vehicle in the report.

M.    If a towing company utilizes emergency subcontractors on a particular day, the Marshal shall fax or deliver to Marshal Unit (210 Joralemon St.) a report listing all personnel and vehicles for every emergency subcontractor involved in Marshal vehicle seizure that day. Please note that you must also list the registered owner for each such vehicle in X of the report.

| LOCATION | |
|---|---|
| 210 JORALEMON STREET, 9TH Floor | PAGE 4 OF 19 PAGES |
| DOC. 190 | |

Case 1:09-cv-... Document 45   Filed 04/1... Page 16 of 32

## III. MDT/TOW-IT DEVICES

**POLICY**

A. STARS access through MDT is being authorized solely for the purpose of identifying P.V.O. judgment debt and determining eligibility of the vehicle for towing. Any other use is prohibited. No Marshal or other individual in this program shall be authorized to have more than one (1) STARS user I.D. #. Each user ID requires two (2) passwords in order to acess the STARS inquiry database. These user ID/s passwords are to be absolutely confidential. Under no circumstances may any person allow someone else to use his or her user ID and/or password to operate an MDT. Each user is strictly forbidden to divulge his or her user ID and/or password to anyone else.

**RESPONSIBILITY**                                    **ACTION**

**MARSHAL**

B. Complete "Request for User ID" form and submit it to Enforcement Unit (see attachment #1).

1. If the Marshal intends to use more than one (1) MDT, or have more than one person authorized to use an MDT, then each of the Marshal's designated staff users form must complete and submit a "Request for User ID" form for processing as well. In other words, each MDT in use (signed onto STARS database) should have its own user/user ID. Different users may use the same MDT as long as the user logs on with their own personal I.D. #.

2. Request the Enforcement Unit to arrange an appointment with P.V.O. Information Systems to register MDT's in order to establish the necessary inquiry access to STARS.

3. Inform the Enforcement Unit in writing whenever a user(s) leaves the program or is terminated from employment from Marshal's staff. This is necessary so that MIS. may delete that person(s) user ID/password from the system. (See attachment #1A).

4. Submit STARS user and personnel forms. (See attachment #1B, #1C).

**LOCATION**
210 JORALEMON STREET , 9th Floor
DOC. 190

PAGE 5 OF 19 PAGES

III. MDT/TOW-IT DEVICES - (cont'd)

POLICY

MONTHLY CHARGE

C. Each month, commencing June 1, 1996, each Marshal who is a participant in the Marshal Vehicle Seizure Program is required to pay in advance a monthly charge of $4,000.00 to the City ($2000 for the month of December due to two weeks of no towing).

| RESPONSIBILITY | ACTION |
|---|---|

MARSHAL

1. Each month deliver check in the amount of $4,000 payable to the order of the "NYC Department of Finance" to the designated payment clerk in the Check Application Unit, 210 Joralemon St.

2. Monthly charge is payable in advance by no later than the twenty fifth (25) calendar day of each month to be delivered to 210 Joralemon St., 9th Fl. Check Applications Unit.

| ENFORCEMENT STAFF | ACTION |
|---|---|

1. Enter each payment in monthly payment log.

2. Transmit each day's receipts that day for deposit together with advice of payment to DOF Fiscal.

3. In the event of non-receipt of payment by second day, of each month, notify Deputy Director of Enforcement Unit, in writing.

4. Late checks not received by the first of the month can lead to suspension or dismissal from program, unless the Marshal submits written prior notice to the Director of Marshal Programs or Deputy Director of Enforcement Unit.

PALMTOP- PRE-SCREENING DEVICE

POLICY

D. The STARS data being provided on data diskettes is solely for the purpose of pre-screening eligibility of a vehicle for seizure by levy. Any other use is prohibited. It is also prohibited to levy by seizure against a vehicle without also verifying eligibility in accordance with the following sections of this S.O.P. which utilize MDTs to access STARS. A Marshal may not seize a vehicle by relying solely on this pre-screening device, because there is a small possibility that the pre-screening device may indicate that a vehicle is eligible for seizure when it is not eligible. Furthermore, although a person other than a Marshal may be designated to use the pre-screening device, no person other than a Marshal may interfere with any person's removal of a vehicle prior to levy.

PALMTOP - PRE-SCREENING DEVICES - (cont'd)

RESPONSIBILITY

MARSHAL                                    ACTION

1. Exchange PCMCIA cards for following week to designated
   Enforcement Unit when you pick up your newly updated
   PCMCIA card.

2. Pick up PCMCIA cards containing loaded data from
   destination location each Monday or as may otherwise be designated.

3. Notify Enforcement Unit in writing of the name of each
   person being authorized by the Marshal to use the
   pre-screening device in this program.

4. If pre-screening device indicates vehicle is eligible for levy by
   seizure, then confirm such eligibility by accessing judgment
   amount through P.V.O's STARS database via MDT.

## IV. EXECUTIONS

RESPONSIBILITY                             ACTION

MARSHAL

A. Pick up execution from the Enforcement Unit on designated date
   or when notified.

B. Print carbonless four ply executions with appropriate blanks
   (without dates and substituting/S/ for signature).

## V. PATROL AND VEHICLE SEIZURE (scofflaw)

RESPONSIBILITY                             ACTION

MARSHAL/STAFF

A. Tow Eligible Vehicles:

1. Sign on MDT using his/her own User ID/Password.

2. Patrol designated areas assigned by Director of Marshal Program
   and/or designee, randomly screening vehicles with Palm Top pre-
   screening device or MDT on public streets, for tow eligibility
   (Scofflaw). A plate(s) currently owing P.V.O. $230.01
   (current threshold) or more in judgment summonses is tow eligible.
   Marshal and/or designee shall not use the palmtop pre-screening
   device or MDT to screen a moving occupied vehicle.

| LOCATION | |
| --- | --- |
| 210 JORALEMON STREET , 9th Floor | PAGE  7  OF  19  PAGES |
| DOC. 190 | |

**V.  PATROL AND VEHICLE SEIZURE (Scofflaw cont.)**

| RESPONSIBILITY | ACTION |
|---|---|
| MARSHAL/STAFF | 3.  Confirm tow eligibility by accessing judgment dollar amount through P.V.O.'s STARS database via MDT. |
| | 4.  Check the vehicle prior to levy to determine if it is exempt from tow eligibility.  Only the Marshal can levy upon and restrain the vehicle.  Marshals are advised not to tow vehicles with handicap plates, or vehicles where handicap permits are visible, ambulettes, official and government vehicles. |
| | 5.  Insure that tow personnel do not chase a vehicle or, without the Marshal being present, block a parked vehicle and act only under his/her direct supervision.  However, independent detection of a tow eligible vehicle is permitted.  In addition, no more than two (2) tow trucks should ride through residential city blockstreet at a time.  disperse trucks and avoid caravans wherever possible. |
| MARSHAL | 6.  Complete execution, and inventory forms.  All City Marshals while seizing vehicles will adhere to these procedures.  Serve a copy of the execution upon the person from whose possession or custody the vehicle is taken if that person is present at time of seizure.  City Marshals will remain on the scene and supervise the tow operations until the motor vehicle is removed.  The City Marshal will indicate the date, plate # and his/her shield # on the self-adhesive label and affix the same to the driver's side rear window.  Upon affixing label to the window glass of the scofflaw vehicle, the City Marshal will be responsible for removal thereof.  An incident report must be submitted concerning lost or destroyed labels.  (See attachment #2) |
| MARSHAL | 7.  Generate a printout via MDT to the  Marshal Street Seizure Unit when he/she levies on vehicle.  This printout will inform the Marshal Street Seizure Unit that a vehicle has been seized.  Only the Marshal's STARS access I.D. is authorized to generate these MDT printouts. |
| MARSHAL | 7a.  Receives amended execution, if any. |
| MARSHAL PROG./UNIT | 8.  Prepare a case folder and ensure that a tow hold is placed on the vehicle and on all collateral plates to stop further enforcement action as well as for informational purposes. |
| MARSHAL | 9.  Upon seizure, record the VIN, inventory the contents, and seal locked areas when appropriate which are out of sight (i.e. glove compartment and trunk areas). |
| NOTE: | If any area within the seized vehicle can be accessed without a key (e.g.  "Poplock" trunk, glove box, etc.) then this area should be checked and inventoried by the "Marshal" as well. |

LOCATION
210 JORALEMON STREET , 9th Floor

PAGE 8 OF 19 PAGES

DOC. 190

STANDARD OPERATING PROCEDURES

**V.    PATROL AND VEHICLE SEIZURE** (cont.)

| RESPONSIBILITY | ACTION |
|---|---|

MARSHAL              10.  Complete a Police report for the levied vehicle.

                     11.  Remain on the scene and supervise the operation until
                          the vehicle is towed away.

                     **B.  IMPOUND PROCEDURES**

                     1.  Supervise all tow personnel activity on the scene,
                         specifically in entry of vehicle and removal of vehicle
                         to tow impound. Communicate to the tow personnel
                         that a vehicle impound is in the Marshal's charge
                         once a vehicle has been levied.

                     2.  Report to the NYC PD any contraband , controlled
                         substance, or suspicious material in plain view.

                     3.  Within two (2) hours of seizure, submit a copy
                         of police report to the appropriate police personnel
                         of the precinct in which the vehicle was levied.

MARSHAL/STAFF        4.  By close of business on a daily basis, shall fax or
                         deliver to Marshal Street Seizure Unit (210 Joralemon Street)
                         a report of all seized vehicles for that day.
                         (see attachment #3).  also, fax or deliver to 210 Joralemon Street, 9th Floor
                         a copy of completed executions
                         (See attachment #4A) and a list of all redeemed
                         vehicles  for that day. (see attachment #5).

                     NOTE:   Any/all tow personnel are strictly prohibited
                             from generating MDT printouts.  It is adviseable
                             to avoid seizing vehicles in all types of malls.

---

LOCATION

**210 JORALEMON STREET , 9th Floor**

DOC.190

PAGE 9 OF 19 PAGES

| STANDARD OPERATING PROCEDURES | SOP NUMBER |
| --- | --- |
| | ENF/MVSP/0009 |

**VI.**    <u>VEHICLE REDEMPTION</u> (Marshal's Office)

POLICY

The Marshal and the Marshal's office personnel should be aware that each respondent, if he/she so desires, is entitled to make a motion to open default judgment before a P.V.O. Administrative Law Judge (ALJ).

If a respondent has a hearing, and any (or all) judgment summonses are dismissed or reduced, the respondent may pay the established judgment at any P.V.O. payment location (i.e. Help Center). A "Notice to Marshal" must accompany the respondent when he/she returns to the Marshal's office. This is necessary so that the Marshal may note the "final" judgment amount and finish the processing of the paperwork for the case.

<u>RESPONSIBILITY</u>

MARSHAL

<u>ACTION</u>

1. Debtor appears at Marshal's Office to pay:
   a. Judgment and interest ( if any)
   b. Marshal execution fee not to exceed $70.00
   c. Tow fee not to exceed $150.00 (plus tax, if applicable)
   d. Marshal's poundage (CPLR8012 (b))
   e. Storage fee if any, $10 per day for the first three (3) days and then $15.00 per day.

2. Shall issue a detailed receipt upon payment of judgment and Marshal fees to each respondent for total dollar amount per transaction, respondent name, address, plate, state, make and total breakdown of all monies collected.

3. Shall advise each respondent that a detailed printout of judgment summonses can be obtained at 210 Joralemon Street, 9th Floor, Enforcement Unit.

4. Shall remit check(s) accompanied by Redemption Log to the Check Application Unit (210 Joralemon St.) for all monies due P.V.O. (judgment payments per-each respondent) within four (4)business days of redemption.

| LOCATION | |
| --- | --- |
| 210 JORALEMON STREET , 9th Floor | PAGE 10 OF 19 PAGES |
| DOC.190 | |

VI.    VEHICLE REDEMPTION (Marshal's Office cont'd)

RESPONSIBILITY                              ACTION

MARSHAL                    5.  Upon request and with proper identification, issues release
                               for exempt property.  Marshals should use their
                               standardized property release forms, the contents of
                               which are set forth through DOI specifications.  Copies
                               of all property release instances should be made available
                               to  Director of Marshal Programs upon request.

## VI.  VEHICLE REDEMPTION ( In the field/street)

### RESPONSIBILITY

### ACTION

**MARSHAL**

Tow/Storage personnel other than the Marshal shall not
negotiate with or accept money from the respondent or
any other person.

A.  **Street Redemption:**

Accept payment offered by the debtor prior to the vehicle
being towed.

Collect the following:
1. The full judgment amount and interest on that judgment
   amount.
2. Marshal's execution fee not to exceed $70.00
3. A payment not to exceed $75.00 provided vehicle
   has not left the block, plus sales tax, if applicable
   (aborted towing)

4. Marshal's poundage (CPLR8012(b))

B. Record appropriate disposition on the execution form,
   release vehicle to debtor, issue a copy of the execution and
   receipt to the debtor.

C. Direct tow personnel to cease all operations and/or
   communication with the respondent.

D. Notify Marshal Street Seizure Unit of the transaction
   with the respondent on the same business day and remit
   all monies due P.V.O. within four (4) business days.

| LOCATION | |
|---|---|
| **210 JORALEMON STREET, 9th Floor** | **PAGE 12 OF 19 PAGES** |
| DOC.190 | |

## VII. AUCTION OF UNREDEEMED VEHICLE

**RESPONSIBILITY**

**ACTION**

MARSHAL

A. Preparation of vehicle for Auction by Marshals.

1. Within seventy-two (72) hours of vehicle seizure, prepare an initial auction eligibility list which lists all required vehicle information.

2. Submit "auction ready list" to Marshal Program Unit for owner information and Vin# checking. The unit will return reply.

3. The Marshal Street Seizure Unit will make an inquiry to DMV where the vehicle is registered ( this procedure does not relieve the Marshal of his/her responsibilty of obtaining information from the registrants DMV). Addresses of registered owner, title holder and/or lien holder. This inquiry will normally be made, within seventy-two (72) hours of the vehicle being impounded.

4. Upon receipt of the above requested information, notify the registered owner, title holder and/or lien holder by certified mail, return receipt requested or first class mail with certificate of mailing.

5. Upon confirmed verification from the Sheriff's Auto Theft Unit (ATU), that a vehicle in your possession was reported stolen, notify the claimant first by telephone if number is available and then by first class mail. claimant or insurance company is responsible for tow and storage fees commencing date of notifcation.

6. Prepare a list of vehicles to be auctioned from the auction eligibility list. This list should be prepared ten (10) days after owner et al notifications have been made but no more than twenty (20) days from the date of inquiry to the Out-of- State DMV.

7. Hold Auctions on a bi- weekly basis and, where possible, make sure there is no conflict in date or time with Sheriff's Scofflock or NYPD Tow Auction Programs. Check with Marshal Street Seizure Unit to establish an auction calendar. Marshals should remove license plates and registration stickers the same day and prior to auctioning any/all vehicles.

---

**LOCATION**

210 JORALEMON STREET , 9th Floor

**PAGE 13 OF 19 PAGES**

DOC.190

## XI. THEFT OR OTHER LOSS OF PROPERTY

NOTE:    **THEFT OR OTHER LOSS**

### RESPONSIBILITY

MARSHAL            The Marshal shall indemnify NYC Department of Finance Parking
Violations Operations (P.V.O.) for loss by virtue of theft, destruction or
mysterious disappearance of the property on which (s)he has levied,
except in cases where the property is stored in a New York City facility.
Promptly upon discovery of any such loss, the Marshal shall notify
the property's owner and the Director of the Marshal Programs.  Immediately
demand, without regard to the status of any insurance claim the Marshal shall remit
shall remit to the NYC Department of Finance (P.V.O.) sufficient funds to cover its
loss, i.e. the amount of judgment for which property was levied on or the value of the
vehicle, whichever is less.

---

**LOCATION**

210 JORALEMON STREET , 9th Floor

**DOC. 190**

**PAGE  16  OF  19  PAGES**

**APPENDIX: MINIMUM STANDARDS FOR TOWING/STORAGE COMPANIES RESPONSIBILITY**

| RESPONSIBILITY | ACTION |
|---|---|

<u>MARSHAL</u>

A. <u>General compliance with licensing and legal requirements:</u>

1. Valid and current DCA Consumer Affairs License to engage in towing.
2. Valid and current license plate and vehicle inspection sticker on all trucks.
3. Valid and current tow truck operators license for each driver.
4. Legal form of tow company must be sole proprietorship, partnership, joint venture or corporation.
5. No debts on federal, city and state taxes and/or N.Y.C. Parking Violations Operations.
6. Completion of Marshal Program background questionnaire.

B. <u>Tow Company Insurance To Include Coverage For All Employees, Facilities, and Equipment:</u>

<u>NOTE:</u>   The Marshal shall be responsible for verifying that his/her tow company complies with all insurance requirements set forth in this SOP. The Marshal shall require that the Tow Company include the City of New York, him/her and DOF as an additional insured and furnish him/her with a copy of all such policies, or other acceptable proof of insurance. The Marshal shall provide, upon demand by the NYC Department of Finance a copy of proof of insurance which has been provided by his/her tow company.

1. Five (5) hundred thousand dollars of garage keepers insurance.
2. Five (5) hundred thousand dollars liability coverage per tow truck.
3. N.Y.S. Mandated Worker's Compensation Coverage.
4. Towing company/storage facility must notify the Marshal (and insurer) within 24 hours of any damage/theft claim submitted by redeemer/owner of vehicle(s).

C. <u>Tow Company History:</u>

1. Tow company owner must have been engaged in business as a licensed N.Y.C. tow company for at least one (1) year at the time contracts are signed with the Marshal.

D. <u>Tow Company Redemption Site Facilities and Staffing:</u>

1. Secure storage facility located inside a building or fenced location. If facility is an outside fenced location, there should be 24 hour security protection in addition to the fence (such as surveillance cameras, alarms, etc.). If a security guard is used, all legal requirements for this arrangement must be met.
2. Accessible by public transportation.

---

**LOCATION**

210 JORALEMON STREET , 9th Floor

**PAGE 17 OF 19 PAGES**

DOC. 190

APPENDIX: MINIMUM STANDARDS FOR TOWING/STORAGE COMPANIES (cont.)

**RESPONSIBILITY**

**ACTION**

**MARSHAL**

3. Located in borough where towing occurred (Manhattan may be exempt).
   Note: Marshal may present a written plan to DOF's Director *of Marshal* Program that would allow for respondent redemption services at their Tow/storage facility providing these plans meet DOF and DOI approval.
4. Must be continually staffed during hours of operation.
5. Tower/storage company owner must advise/notify Marshal of any changes in staff - immediately.

E. Identification of tow company truck, Marshal's vehicle, and employee while working in the street:

1. Jackets or vest indicating participation in the Marshal Vehicle Seizure Program. These jackets/vest should be of a distinctive color so that Marshal personnel are easily identified and not mistaken for any other towing program staff. Marshals may wish to clip-on picture I.D. cards to the staff.
2. All towing equipment (trucks, etc.) used in the field must be highly visible and identifiable to the general public in terms of company name and Consumer Affairs license number.
3. Towing/Storage company personnel working in the field (or at the storage facility) must direct any inquiries by respondents to the Marshal.

F. Tow Company Redemption Site Hours and Days of Operation:

1. Must remain open at least one (2) hours after the Marshal's office closes (e.g. Marshal's office closes at 5:00 - tow company must remain open until 7:00 p.m.).
2. If Marshal's office is open for redemption on Saturday, so must the tow company/redemption site.

APPENDIX: MINIMUM STANDARDS FOR TOWING/STORAGE COMPANIES (cont.)

### RESPONSIBILITY

### ACTION

3. DOF's Director of Marshal Program must have (emergency) telephone number of storage/tow company owner. Owner must have keys to facility so that it is accessible at all times.

4. Marshal and towing company/storage facility owner must update and reconcile vehicle inventory on a regular basis for all vehicles towed and stored, redeemed and released, and/or auctioned.

G. Tow Trucks and Storage Space Requirements:

1. Tow company garage must agree to maintain a minimum number of 4 tow trucks for use in this operation.

2. Tow company/garage must agree to maintain a minimum number of 150 vehicle storage spaces for use in this operation.

3. All towing equipment/apparatus must be state-of-the-art such as: wheel lifts, flatbeds, and auto load, so as to lessen the possibility of damage to the vehicles. This includes items necessary to enter "locked" or "secured" scofflaw vehicles (slim-jims, etc.).

H. OTHER/MISCELLANEOUS:

1. Tow company must provide for adequate vehicle security at "staging" area (If This Method Is Employed).

2. Tow company/garage must provide for "crowd control" on scheduled auction days/during these auctions.

3. Tow company/garage must provide a dedicated fax machine, photo-copier, and a telephone at its facility to be used in conjunction with scofflaw vehicle towing, redemption, and auction processes.

4. Tow company/garage must ensure that all vehicles involved in towing operations are equipped with communication devices (radio/two way, etc.) for purpose of Marshal's uninterrupted voice communication. Marshal should be included in the communication link.

5. Towing company owner/proprietor must disclose any/all traffic related offenses or violations that have affected a driver's license (e.g. points, restrictions, etc.) that resulted in a conviction.

| LOCATION | PAGE 19 OF 19 PAGES |
|---|---|
| 210 JORALEMON STREET , 9th Floor | |
| DOC. 190 | |

LAW OFFICES

# LAMBERT & SHACKMAN, PLLC

274 MADISON AVENUE

NEW YORK, NY 10016-0701

E-MAIL: LAMBERTFIRM@AOL.COM

TELEPHONE: (212) 370-4040

FAX: (212) 697-7919

## BY FAX AND FEDERAL EXPRESS

July 30, 2010

James A. Fauci, Esq.
Fauci & Kuferman, PLLC
30 Remsen Street
Ballston Spa, NY 12020

> Re: Schaer, et al, v. City of New York, Rose, et al.
> District Court, SDNY
> Case Number 7441/09

Dear Mr. Fauci:

The following is all the information Marshal Rose has with respect to the "John Does" alleged in the Amended Complaint:

1. Mr. John Valencia, an employee of the tow truck company used by Marshal Rose. The name of the tow truck company is Gotham Towing. Gotham Towing's address is 60 Central Avenue, Brooklyn, NY 11206. Gotham Towing's phone number is (718) 497-6100. Mr. Valencia's last known address is 143–05 41st Avenue, Flushing, NY 11355. His last know telephone numbers are (718) 316-2546 and (347) 633-3382.

2. Mr. Louis Ramirez, an employee of Gotham Towing. His last known address is 360 Morris Avenue, Apartment 2C, Bronx, NY 10451. His last known telephone number is (718) 772-2405.

3. Mr. Albert Ferrari, an employee of Gotham Towing. His last known address is 57 Hamden Avenue, Staten Island, NY 10306. Marshal Rose is not aware of any telephone number for Mr. Ferrari.

There were no other persons with Marshal Rose at the times and places relevant to the allegations in the Amended Complaint.

Very truly yours,

Steven Shackman

cc:    Matthew Modaferri, Esq.

LAW OFFICES

# LAMBERT & SHACKMAN, PLLC
274 MADISON AVENUE
NEW YORK, NY 10016-0701

E-MAIL: LAMBERTFIRM@AOL.COM

TELEPHONE: (212) 370-4040
FAX: (212) 697-7919

September 17, 2010

James A. Fauci, Esq.
Fauci & Kuferman, PLLC
30 Remsen Street
Ballston Spa, NY 12020

> Re:   Schaer, et al, v. City of New York, Rose, et al.
> District Court, SDNY
> Case Number 7441/09

Dear Mr. Fauci:

Thank you for your letter dated September 15, 2010.

In accordance with the suggestion in your letter that "If Mr. Rose would like to forego the deposition, then perhaps he could provide us with all of the names addresses, etc. per plaintiffs' previous demands..." we are again providing you with all such names and addresses, as follows:

1. Mr. John Valencia, an employee of the tow truck company used by Marshal Rose. The name of the tow truck company is Gotham Towing. Gotham Towing's address is 60 Central Avenue, Brooklyn, NY 11206. Gotham Towing's phone number is (718) 497-6100. Mr. Valencia's last known address is 143–05 41st Avenue, Flushing, NY 11355. His last known telephone numbers are (718) 316-2546 and (347) 633-3382.

2. Mr. Louis Ramirez, an employee of Gotham Towing. His last known address is 360 Morris Avenue, Apartment 2C, Bronx, NY 10451. His last known telephone number is (718) 772-2405.

3. Mr. Albert Ferrari, an employee of Gotham Towing. His last known address is 57 Hamden Avenue, Staten Island, NY 10306. Marshal Rose is not aware of any telephone number for Mr. Ferrari.

Pursuant to Judge McMahon's June 11, 2010 Order, discovery may proceed against Marshal Rose only "for purpose of ascertaining names of John Does." The Amended

Complaint identifies the "John Does" as persons who were with Marshal Rose during the afternoon of May 28, 2008 at the locations alleged in the Amended Complaint (Amended Complaint at ¶¶11-43). The persons identified above are all such persons.

In accordance with your letter, the deposition is now foregone.

Very truly yours,

Thomas C. Lambert

cc:      Matthew Modaferri, Esq.